**Harry W. STURGES, III, Appellant,**

**v.**

**SYSTEM PARKING, INC., Appellee.**

**No. C14–91–01107–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1992.
Rehearing Denied July 23, 1992.

Craig H. Clendenin, Houston, for appellant.

Stephen W. Schueler, Linda D. King, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Judge.

Appellant appeals from orders granting appellee's motion for partial and final summary judgment and the denying of appellant's motion for partial summary judgment. Appellant challenges the trial court's ruling on whether the commission agreement contained a condition precedent

and the award of attorneys fees. We reverse.

In 1984 or early 1985, Sturges (appellant), a licensed real estate broker, was retained by System Parking, Inc. (System) to negotiate an agreement between System and Hyco Industrial, Inc. (Hyco) for the management of a parking facility named Jet Park Station. In consideration for his services, Sturges and System executed a "commission agreement" whereby System was to compensate Sturges in an amount equal to one-half of all management fee amounts retained or paid to System, pursuant to a "management agreement" between System and Hyco. It is the latter phrase, "retained or paid," that forms the basis of this dispute. After the execution of the commission agreement, System continued its negotiations with Hyco regarding the terms under which it would operate the project. A final version was signed between the parties on June 6, 1985. Although Sturges was active in the negotiations and drafting of the management agreement, he is not a party to this agreement.

The management agreement gives Hyco two options regarding payment. It could pay System a management fee equal to approximately ten percent (10%) of the gross revenues (management fee) and retain for itself the remaining ninety percent (90%) from which it would pay operating expenses. Alternatively, Hyco could elect to receive a guaranteed payment based on its investment and System would be responsible for paying all operating expenses, even if the parking facility did not generate sufficient income to cover those expenses. The Jet Park operation proved to be unprofitable and therefore Hyco exercised its option to receive the guaranteed payments and the parties modified the management agreement to provide that the calculation and collection of the management fee would be postponed until March 1, 1987. Subsequently, System and Hyco modified the management agreement a second time to postpone the calculation and collection of the management fee for an indefinite period of time.

On May 16, 1987, System sought a declaratory judgment of its obligations under the commission agreement, claiming that the agreement contains a condition precedent such that System only owes Sturges one-half of what it actually takes and because of its indefinite postponement of the management fee, System has effectively postponed Sturges' right to his commission. Thereafter, Sturges filed suit against System mainly alleging breach of the commission agreement. The two cases were consolidated. Prior to trial, both System and Sturges moved for partial summary judgment as to the construction and interpretation of the commission agreement. On July 2, 1991, the trial court granted System's motion for summary judgment and declared that the commission agreement by its terms does not require payment of a commission by System to Sturges until such time that System has been paid or retained a management fee pursuant to the management agreement. Thereafter, System moved for final summary judgment concerning Sturges' remaining tort claims against it, which was granted by the trial court on September 17, 1991.

The issue before this court is whether the commission agreement contained a condition precedent whereby System's obligation to pay Sturges his commission was contingent upon System actually receiving and retaining a management fee. The pertinent part of the commission agreement reads:

> In consideration of services rendered by Sturges in bringing the parties together for that transaction, System agrees to pay to Sturges an amount equal to one-half (½) of all *management fee amounts retained or paid* to System pursuant to that agreement. (emphasis added).

Sturges contends that the commission agreement, when taken as a whole and without emphasis on any particular phrase, provides that Sturges' recovery is not conditioned on what System actually retains or is paid, but rather equates to an amount equal to one-half of the management fee that System is entitled to retain or be paid pursuant to the management agreement. We agree.

In order to determine whether a condition precedent exists, the intention of the parties must be ascertained, and that can be done only by looking at the entire contract. *Criswell v. European Crossroads Shopping Center, LTD.*, 792 S.W.2d 945 (Tex.1990); *Stitt v. Royal Park Fashions, Inc.*, 546 S.W.2d 924 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). While no particular words are necessary for the existence of a condition, such terms as "if," "provided that," "on condition that," or some similar phrase of conditional language must normally be included. *Id.* If no such language is used, the terms will normally be construed as a covenant in order to prevent a forfeiture. *Id.*

In construing a contract, forfeiture by finding a condition precedent is to be avoided when another reasonable reading of the contract is possible. *Schwarz–Jordan, Inc. v. Delisle Construction Co.*, 569 S.W.2d 878 (Tex.1978). Moreover, if the condition would impose an absurd or impossible result, then the agreement should be interpreted as creating a covenant rather than a condition. *See Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976).

In the present case, it is unreasonable to believe that Sturges intended to perform what was required of him but then limit the source of his commission to the management fee actually collected from the project, especially when he was not responsible for the collection of the management fee. *Stitt*, 546 S.W.2d at 926. In the absence of System postponing the management fee, the only way a management fee would not be paid was if there were absolutely no gross revenues. Reading the clause as a condition precedent would occasion a forfeiture because System may never elect to take a management fee. A reasonable reading of the commission agreement is that Sturges is to receive an amount equal to one-half of the management fee that System is entitled to retain or be paid under the management agreement.

In *Stitt v. Royal Park Fashions, Inc.*, the lease agreement stated that the broker was entitled to "six percent (6%) of the total monthly rental *as collected from tenant*," for negotiating the lease agreement. 546 S.W.2d 924 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). When Royal Park cancelled the lease, it argued that the phrase "as collected from tenant" was a condition precedent such that it was only obligated to pay the broker 6% of the rent actually collected, and since no future rent payments were being collected, the broker was not entitled to any further commission. Recognizing that the broker performed his part of the agreement and expected full payment under any circumstances, the court held that the phrase was not a condition precedent, but an agreement on part of the broker to defer his payment over a period of time. The court further noted that the broker successfully negotiated the lease and Royal Park alone decided to rescind and cancel the lease.

In the instant case, System and Hyco modified the management agreement to indefinitely postpone the management fee. In doing this, System is basically spreading the risk of non-payment to Sturges who was not party to the management agreement. The risk of non-payment should rest with System who contracted with Hyco, rather than on Sturges who has no privity of contract with Hyco. *See Gulf Construction Co., Inc. v. Self*, 676 S.W.2d 624 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). After reviewing the entire management agreement, a reasonable reading of the commission agreement is that Sturges is to receive an amount equal to one-half of the management fee that System is entitled to retain or be paid under the management agreement.

Rather than being the source of payment, the management fee is used to determine the amount and term of the commission that System owes Sturges. Pursuant to the management agreement, System is to be paid or retain 10% of the monthly gross revenue over a ten year term as its management fee. Once the monthly gross revenue is determined, the management fee is computed and System owes Sturges an amount equal to one-half of that figure.

Whether System chooses to actually take its management fee has no effect on its obligation to pay Sturges' commission. Appellant's first point of error is sustained.

Having sustained appellant's first point of error, we need not address the remaining points of error. Therefore, we accordingly reverse the trial court's judgments of July 2, 1991 and September 17, 1991, concerning liability and attorney fees and render judgment in favor of appellant. We remand the case to the trial court to determine the appropriate amount of damages and attorney fees.